Filed 9/13/22 P. v. Jeffery CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ZACKARY JEFFERY,<br><br>    Defendant and Appellant. | F083578<br><br>(Super. Ct. No. MF012801A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County. Charles R. Brehmer, Judge.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Snauffer, J.

Appointed counsel for defendant Zackary Jeffery asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending he was no longer on probation when he committed new violations of the law and thus he could not have violated his probation. We affirm.

## BACKGROUND

On November 11, 2017, defendant drove a van over a victim, who survived, and then defendant and his passenger left the scene.

On February 26, 2018, the Kern County District Attorney filed an information charging defendant with attempted murder (Pen. Code, §§ 664, 187, subd. (a);[1] count 1), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), and felony hit and run (Veh. Code, § 20001, subd. (a); count 3). As to counts 2 and 3, the information alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)). The information further alleged defendant had suffered two prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On May 14, 2018, the information was amended to allege a prior serious felony conviction (§ 667, subd. (a)). Defendant pled no contest to count 1 and admitted the two prior strike convictions and the prior serious felony conviction. In exchange, the trial court agreed to strike the two prior strike convictions, sentence defendant to 10 years in prison (five years on count 1, plus five years for the prior serious felony conviction enhancement), suspend execution of sentence, and grant three years of probation with one year of jail time as a condition of probation.

On June 12, 2018, the trial court sentenced defendant as agreed, and awarded him 300 days of conduct credits.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

About two and one-half years later, on December 23, 2020, a ranch employee found defendant and his vehicle parked in front of the ranch's mechanic's shop. The employee got out of his vehicle and took pictures of both defendant and his vehicle. Defendant told the employee his vehicle was stuck, but then defendant got back into his vehicle and left. The employee inspected the ranch's research lab and found the padlock cut. Several items, including a "quad" offroad vehicle, were missing from inside. In a prior theft two months earlier, a generator had been stolen from a motorhome on the ranch premises.

Around January 18, 2021, Deputy Michael Gelardo executed a search warrant at defendant's home, where he found two quad vehicles and a generator, among many other items scattered on the front and back yards. Defendant's girlfriend admitted a quad vehicle had been stolen before Christmas and she had forged a bill of sale for it. The ranch employee came to defendant's home where the search was conducted, and he identified a quad vehicle and generator as ranch property. Defendant stated he did not steal the items; they had been purchased.

On February 5, 2021, the probation department filed a declaration letter attesting that defendant's probation period was from June 12, 2018, to June 12, 2021, and that defendant had violated the terms of his probation by committing new violations of law, in that on January 20, 2021, he was arrested for second degree burglary (§ 459) and receiving stolen property (§ 496, subd. (a)). The probation officer recommended that the trial court revoke defendant's probation and sentence defendant to the previously imposed and suspended 10-year sentence.

At a contested revocation hearing on October 28, 2021, the trial court found defendant had violated probation. The court revoked probation, ordered into execution the previously imposed and suspended 10-year sentence, imposed various fines and fees, and awarded 397 days of custody credits.

On November 23, 2021, defendant filed a notice of appeal.

3.

## DISCUSSION

Defendant contends he could not have violated probation because he was no longer on probation in December 2020. He explains that his 300 days of custody credits shortened his probationary period by 300 days and thus the period had already ended when he committed the new violations of law. Defendant is incorrect.

"In all felony and misdemeanor convictions, … when the defendant has been in custody …, all days of custody of the defendant … shall be credited upon his or her *term of imprisonment* …." (§ 2900.5, subd. (a), italics added.) " '[T]erm of imprisonment' includes any period of imprisonment imposed as a condition of probation [e.g., jail time] …." (*Id*., subd. (c).)[2] If the custody credits exceed the term of jail time, the excess credits may be applied to "the base fine" (*id*., subd. (a)); credits are applied first to the term of jail time, then to the base fine, but not to the term of probation itself (see *ibid*.).[3]

Here, defendant received the benefit of his 300 days of custody credits when they were credited to his one-year jail term imposed as a condition of his three-year probation term. He was still required to serve three years of probation from June 12, 2018, to

---

[2]     The inclusion in section 2900.5 of jail time imposed as a condition of probation is a result of a 1976 amendment (Stats. 1976, ch. 1045, § 2) that "redefine[d] the 'term of imprisonment,' i.e., the term against which custody credits are to be applied, to include any 'period of imprisonment imposed as a condition of probation ….' As a result of this amendment, actual time previously served in county jail … would now be credited against any new 'term of imprisonment' served in the county jail for the same offense, including any new jail term imposed as a condition of continuing or reinstating the defendant on probation." (*People v. Arnold* (2004) 33 Cal.4th 294, 300–301.)

[3]     We note that section 2900.5, subdivision (c) specifically includes imprisonment and *parole*, but does not mention imprisonment and *probation*: "For the purposes of this section, 'term of imprisonment' includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency."

June 12, 2021. Thus, he was on probation when he committed the new violations of law in December 2020.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.